**Robert D. SNYDER, Plaintiff—Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, (Jo Anne B. Barnhart), Defendant—Appellee.**

**No. 03–35195.**

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2004.*

Decided June 15, 2004.

John E. Seidlitz, Jr., Esq., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, William T. Dawson, Esq., Social Security Administration, General Counsel's Office, Denver, CO, for Defendant–Appellee.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Robert D. Snyder ("Snyder") appeals from the Social Security Administration's denial of his application for disability insurance benefits. Because the parties are familiar with the facts of this appeal, we will not recite them here except where necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Snyder argues that the Administrative Law Judge's ("ALJ") decision that he is not entitled to disability insurance benefits is not supported by substantial evidence because (1) the ALJ did not give adequate consideration to the findings of Snyder's primary care provider and (2) the ALJ erred in finding that Snyder's testimony concerning his pain and limitations was not fully credible. Neither of these arguments is persuasive.

After thoroughly reviewing all of Snyder's medical records, including those prepared by his primary care provider, Dr. Stephanie Herder, we find no support for Snyder's claim that his back impairment qualifies him for disability benefits. While it is true that Dr. Herder noted that Snyder suffered from a herniated disc, having such an impairment does not in and of itself equate to a disability. Indeed, Dr. Herder noted that despite his herniated disc, Snyder "stands easily," "moves around the exam room easily," "does not appear to be in pain," "can run down the hallway with ease," and "walks well on his heels and his toes." Nowhere did Dr. Herder provide an opinion as to Snyder's limitations or restrictions. Moreover, none of the numerous other doctors whom Snyder consulted concerning his back pain indicated that his impairment rose to the level of a disability. In fact, all of the doctors' findings—including those of Dr. Herder—support the ALJ's conclusions.

Snyder's argument that the ALJ erred in determining that he was not fully credible is similarly unpersuasive. This court has held that an ALJ must undertake a two step analysis when considering a claimant's subjective symptom testimony. *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom. *Id.* at 1281–82. Second, the ALJ must determine the claimant's credibility as to the severity of the symptoms. *Id.* at 1282 If the claimant produces objective medical evidence of an impairment and shows the impairment could be expected to produce a symptom, the claimant's testimony concerning the severity of the symptom can only be rejected by citing specific, clear, and convincing reasons for doing so. *Id.* In making this determination the ALJ can take into account (1) ordinary credibility evaluation techniques, (2) unexplained or inadequately explained failure to seek or follow treatment, and (3) the claimant's daily activities. *Id.* at 1284. Because in this case it is objectively clear that Snyder has a medical impairment that could produce symptoms, the ALJ must clearly articulate specific and convincing reasons for rejecting Snyder's testimony as to the severity of his symptoms.

Here, the ALJ has articulated clear and convincing reasons for rejecting Snyder's testimony. First, the ALJ noted that despite Snyder alleging that his back condition began in 1997, there is no medical evidence that he sought any medical care

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

until April 1999. Furthermore, Snyder's medical records reveal that even when he sought medical treatment in 1999, the doctors whom Snyder visited stated that his conditions were "nondescript," "mild," "ambiguous," and exhibiting "no significant abnormalities." Second, the ALJ determined that Snyder's back pain "is tolerable, since he is not using any type of medication and he is not engaged in any exercise program or therapy. His daily activities do not reflect a disabling condition, since he is able to cook and perform household duties, and he is capable of caring for two children under the age of four." Lastly, the ALJ stated that the evidence established that Snyder "can lift and carry 10 pounds; and he can sit, stand, and walk for 30 minutes at a time, each. He has the ability to care for a 2 year-old and a 4 year-old; perform household duties, including cooking, cleaning, and laundry; perform some yard work; maintain his car; and watch television for 4 hours a day." These findings are specific, clear, and convincing that Snyder's statements concerning his pain and limitations were not fully credible. Because the ALJ's conclusion is based on substantial evidence, the district court's grant of the Social Security Administration's motion for summary judgment is

AFFIRMED.